PUERTO RICAN–AMERICAN INSURANCE COMPANY ET AL., Petitioners, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, MIGUEL A. GIMÉNEZ MUÑOZ, JUDGE, Respondent; FELÍCITA MELÉNDEZ MORALES, Intervener.

No. O-71-268.      Decided May 23, 1972.

*Agraít Oliveras & Otero* for petitioners. *Elfren Bernier* for intervener.

PER CURIAM: On May 4, 1971, plaintiff filed a complaint for damages against Wilberto Cruz Matos, United Lines, Inc., and Puerto Rican-American Insurance Co. In the second averment of the complaint it is alleged:

"On February 2, 1971, the plaintiff, Felícita Meléndez Morales used the services of one of the omnibuses of the defendant United Lines, Inc., as user of its public transportation system. On that date the defendant, Wilberto Cruz Matos, as

employee in the exercise of the duties of his position with United Lines, Inc., was the driver of said omnibus."

On June 21, the defendant Puerto Rican-American Insurance Co. filed its answer and denied the aforementioned allegation.[1] On July 2 the plaintiff formulated some interrogatories and in answering them the following July 14 the insurance company informed that "plaintiff, Felícita Meléndez Morales tried to climb on the bus at the moment when the driver was closing the entrance door and she was caught by the door." It also answered that "Wilfredo Cruz Matos was employed as driver and that he was the only witness it intended to use."

On October 14, 1971, the plaintiff filed a motion requesting that sanctions be imposed on the defendants since "in answering the interrogatories the defendant admits the facts which were alleged in the second paragraph of the complaint and which were denied when answering the same." She prays that "in view of the foregoing . . . *to impose upon the defendant the payment to plaintiff of the expenses of obtaining through discovery of evidence the facts they denied in answering the complaint, plus a reasonable amount by way of attorney's fees.*" (Italics ours.)

On October 21, 1971, without holding a hearing, the court issued the following order: "The record of the case having been examined the defendant is ordered to pay plaintiff the amount of $100 for expenses and attorney's fees."

▮ Without going into the consideration of the power of the trial courts to penalize one party through the imposition of costs and attorney's fees, in situations such as the one of the instant case,[2] the record does not show that the plaintiff actually suffered prejudice as a result of defendant's denial of facts which were undoubtedly known by the

[1] The other two defendants answered the complaint on July 21, 1971.

[2] The plaintiff did not file a brief before this Court, but requested the holding of a hearing. In that appearance she sustained the power of the trial court to impose penalties based on its inherent power and in the case of *Hartman* v. *Superior Court*, 98 P.R.R. 122 (1969).

latter, since she was informed of them three weeks later and it was not established that the inclusion of some additional questions in some interrogatories cost her additional expenses to justify the imposition of attorney's fees. This notwithstanding, it is convenient to point out that attorneys should take special care in formulating their allegations not to deny facts which they know or which may be easily verified. To deny the allegations in an indiscriminate manner, even with the pet phrase of "for lack of information", is an undesirable practice which attorneys should take special care to avoid.

In view of the foregoing the order issued by the Superior Court, San Juan Part, on October 21, 1971, will be set aside.

Mr. Chief Justice Negrón Fernández, Mr. Justice Hernández Matos, Mr. Justice Rigau, and Mr. Justice Martínez Muñoz took no part in the decision of this case.